**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1864
_____

In re:  LINDA MERRITT a/k/a Lyn Merritt,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Nos. 2-15-cv-04282 & 2-15-cv-04937)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 9, 2017
_____

Before:  CHAGARES, VANASKIE, and FUENTES, *Circuit Judges*

(Filed: August 4, 2017)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

Linda Merritt filed for chapter 13 bankruptcy protection following PNC Bank's

successful foreclosure action upon her residential property.  PNC submitted a proof of

claim which Merritt initially disputed via an adversary proceeding.  Merritt accused PNC

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

of fraud, abuse of process, and violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617. After the Bankruptcy Court dismissed her adversary action, Merritt filed an objection to PNC's proof of claim on the docket of the main bankruptcy case, asserting similar grounds. The Bankruptcy Court again rejected her arguments and also denied reconsideration, and the District Court affirmed on review. Merritt has now appealed the main case ruling on her objection to PNC's proof of claim to our Court.

Merritt's appeal presents two issues: (1) whether PNC had standing to foreclose and (2) whether PNC committed a fraud upon the Bankruptcy Court. On review, we find that PNC did have standing to foreclose upon Merritt's property both as the holder of the note and as the servicer of the mortgage, regardless of whether PNC was the owner of the note. PNC made a *prima facie* proof of claim, and Merritt failed to meet her burden to produce evidence negating that claim. Similarly, we find that PNC's redactions to the note and mortgage it attached to its proof of claim were not a fraud upon the Bankruptcy Court. In fact, that court acknowledged that it was not misled or deceived by PNC's conduct. Thus, we will affirm the District Court's decision affirming the Bankruptcy Court orders.

## I.

Appellant-Debtor Linda Merritt owns improved residential property in Coatesville, Pennsylvania, and resides on that property. Merritt executed and delivered a note payable to National City Mortgage Co., as well as a mortgage granting National City

2

a lien against the property to secure Merritt's obligations under the note. Appellee-Creditor PNC Bank is a successor by merger to National City.

PNC commenced a foreclosure action in the Chester County Court of Common Pleas, Case No. 2010-05953, on May 11, 2010. PNC's foreclosure complaint stated that it is the "legal holder" of the mortgage, (R. 145), and both the note and mortgage were incorporated into the foreclosure complaint by reference to the recorded mortgage. The Court of Common Pleas entered a default judgment against Merritt after she failed to respond to the complaint. Merritt later sought to open the judgment, but her petition was denied. Merritt's subsequent appeal on the issue was dismissed for failure to prosecute.

Merritt commenced a chapter 13 bankruptcy case in the Bankruptcy Court on October 21, 2011 by way of a voluntary petition for relief. PNC submitted a proof of claim in the amount of $358,866.71. (R. 222.) The proof of claim listed arrears of $86,790.27 as of the date that Merritt's petition was filed. PNC attached a copy of the note and mortgage to the proof of claim, but redacted certain information, including the Freddie Mac loan identifier. (R. 229–49.) The note states that it is payable to National City and the mortgage identifies National City as the lender. (*Id.*) PNC did not redact the label stating that the form used for the note and mortgage is the "Fannie Mae/Freddie Mac Uniform Instrument." (*Id.*)

In response to the proof of claim, Merritt filed a complaint against PNC in the Bankruptcy Court, initiating an adversary proceeding. This complaint asserted claims for fraud, abuse of process, and violations of RESPA. In particular, Merritt argued that PNC lacked standing to prosecute the foreclosure because it was not the owner of the note and

3

mortgage and had misrepresented its status as owner of the note and mortgage to the foreclosure court. Further, Merritt alleged that PNC had failed to inform her that the servicer of her mortgage had changed from National City to PNC as a result of the merger.

PNC moved to dismiss the adversary proceeding on the ground that it had not represented itself as the *owner* of the note and mortgage, but rather as the *holder* of the note and mortgage entitled to enforce the documents. The Bankruptcy Court agreed and dismissed Merritt's claims for fraud and violation of RESPA with prejudice. The Court nonetheless granted leave to amend the abuse of process claim.

Merritt filed an amended complaint reasserting her abuse of process claim. The claim alleged that PNC committed fraud by representing that it was the holder of the note and mortgage in both the foreclosure action and bankruptcy case because Freddie Mac was the owner of the mortgage. The Bankruptcy Court dismissed Merritt's amended complaint and denied two subsequent motions for reconsideration. Merritt did not appeal to the District Court the dismissal of her adversary proceeding or the denial of her reconsideration motions.

Notwithstanding the rejection of her claims in the adversary proceeding, Merritt filed an objection to PNC's proof of claim, once again asserting that PNC lacked standing to file the proof of claim because Freddie Mac was the owner of the note and mortgage. (R. 53–55.) Merritt, however, did admit in the claim objection that PNC is the mortgage servicer. (R. 56.) PNC defended against the claim objection by again explaining that it was the holder of the note and mortgage, that it was the servicer of the mortgage, and that

4

Merritt's claims were barred by *res judicata* and the *Rooker-Feldman* doctrine. (R. 62–63.)

The Bankruptcy Court held a hearing to sort out the claim objection. Merritt stated that the basis for the claim objection was that PNC was not the owner of the note and mortgage, and that PNC had perpetrated a fraud on the Bankruptcy Court by redacting the Freddie Mac loan identifier from the exhibits to the proof of claim. (R. 206–11.) The Bankruptcy Court issued an oral opinion overruling Merritt's claim objection, and later entered a corresponding order. (R. 211, 277.) The Bankruptcy Court also denied a subsequent motion for reconsideration. (R. 265–76.)

Merritt filed a notice of appeal, which the District Court read as only appealing the Bankruptcy Court's denial of the motion for reconsideration. (R. 259 n.3.) The District Court affirmed the Bankruptcy Court's order denying Merritt's motion for reconsideration. (R. 264.) In doing so, it observed that there was no dispute that PNC was the servicer of the mortgage. (R. 261.) Further, PNC was the holder of the note because of its merger with National City. (R. 261–62.) For these reasons, PNC had standing to file the proof of claim. The District Court also explained that Freddie Mac's ownership of the note was irrelevant to PNC's standing to file a proof of claim as the holder of the note. (R. 261.) As for Merritt's fraud claim, the Bankruptcy Court clearly stated on the record that it had not been misled by PNC's redactions of the note and mortgage, and the District Court observed that it did not believe that the Bankruptcy Court erred when it concluded that PNC's redactions were not misleading. (R. 262.)

Merritt now appeals the District Court's decision affirming the Bankruptcy Court's denial of her motion for reconsideration.[1]

## II.

The District Court reviewed the order of the Bankruptcy Court for abuse of discretion after finding that Merritt appealed only from the order denying her motion for reconsideration rather than the order denying her claim objection. (R. 260 n.5); *McDowell v. Philadelphia Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005). Merritt argues that, under *Cortez v. Trans Union, LLC*, we

> exercise appellate jurisdiction over "orders that are not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues."

617 F.3d 688, 695 n.2 (3d Cir. 2010) (quoting *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998)). Accordingly, Merritt asserts that her appeal encompasses the order overruling her objection to PNC's proof of claim, which would require us to review legal determinations *de novo* and factual determinations for clear error. We need not decide whether Merritt properly brought before us the rejection of her objection to PNC's proof of claim because her arguments fail even under plenary review.

## A.

The primary issue in this appeal is whether PNC had standing to file its proof of claim. Merritt argues that PNC's proof of claim is deficient because it was not filed with

---

[1] The Bankruptcy Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1). The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

proper evidence that its security interest has been perfected. This argument is premised on Merritt's assertion that PNC is not the owner or holder of the note and mortgage, and that Freddie Mac is the real owner and holder.

As the District Court explained, Merritt's argument hinges on flawed logic. In Merritt's view, because Freddie Mac purchased the loan four years before the merger between National City and PNC, Freddie Mac is both the owner and holder of the note and mortgage. But the entity entitled to enforce a note need not be the "owner" of the note. *In re Walker*, 466 B.R. 271, 280 (Bankr. E.D. Pa. 2012). The "holder" of a note— the individual or entity "in possession of the note where the note is payable to the person or is payable to the bearer"—is qualified to enforce the note. *Id.*; *Hoffman v. Wells Fargo Bank, N.A.*, No. 13-cv-5700, 2015 WL 3755207, at *3 (E.D. Pa. June 16, 2015). Freddie Mac did not become the holder of the note simply by virtue of being the owner of the note, nor did National City (and later PNC Bank by merger) lose its status as the holder of the note following the sale. "Evidence that some other entity may be the 'owner' or an 'investor' in the Note is not relevant to this determination, as the entity with the right to enforce the Note may well not be the entity entitled to receive the economic benefits from payments received thereon." *PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 621 (Pa. Super. Ct. 2014). National City was the holder of the note even after the sale to Freddie Mac, and PNC succeeded National City's rights by way of merger. "In Pennsylvania, it is the mortgage holder that has the right to pursue an action in mortgage foreclosure." *In re Alcide*, 450 B.R. 526, 538 (Bankr. E.D. Pa. 2011).

Merritt, in her reply brief, argues that the copy of the note and mortgage that PNC attached to its proof of claim is not enough to establish that it is the holder of those documents. However, we accord *prima facie* validity to a proof of claim, and the burdens shift as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted). PNC's averments are *prima facie* valid, and the burden to produce evidence negating the claim rests with Merritt. As we have explained, Merritt's evidence that Freddie Mac is the *owner* of the note and mortgage does not negate the assertion that PNC remains the *holder* of the note and mortgage.

Further, in the context of a proof of claim, "the authority of a servicer to file a proof of claim is expressly authorized by the rules of court." *Alcide*, 450 B.R. at 537 n.22 (citing Fed. R. Bankr. P. 3001(b)); *see also Greer v. O'Dell*, 305 F.3d 1297, 1302–03 (11th Cir. 2002); *In re Densmore*, 445 B.R. 307, 311 (Bankr. D. Vt. 2011); *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010). Here, Merritt has conceded

8

that PNC is the servicer of the mortgage. (R. 208; Merritt Br. at 1 ("PNC is merely the servicer of the mortgage").) Merritt now argues that *Alcide* and the other cases require some evidence that the servicer acts within its scope of authority as the mortgage holder's agent. Even if PNC was not the holder, *Alcide* recognized that, while the right to pursue foreclosure proceedings resides with the mortgage holder, the servicer may pursue such an action if "acting within its authority as the mortgage holder's agent." 450 B.R. at 538. While PNC has not submitted a servicing agreement, PNC was permitted by the foreclosure court to pursue foreclosure proceedings, evidencing its status as a "party in interest" capable of also filing a proof of claim. Merritt's argument that PNC lacked standing to enforce the note and mortgage was rejected by the foreclosure court when Merritt petitioned to open the judgment after her default, and was again rejected by the Bankruptcy Court in dismissing her adversary proceeding. Additionally, as we have explained, PNC presented a prima facie proof of claim, and the burden is on Merritt to produce evidence negating that claim, not on PNC to produce a servicing agreement. Merritt did not present any evidence that called into question PNC's authority to seek foreclosure as the servicer of the mortgage.

**B.**

We further agree with the Bankruptcy Court and District Court that the redactions made to the note and mortgage submitted by PNC were not a fraud upon the court. The standard of proof for such an assertion requires: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). Even if there had

9

been evidence of an intentional fraud by PNC's counsel, the Bankruptcy Court itself rejected Merritt's assertion, making clear on the record that it was not deceived. (R. 209–10.) Like the District Court, we will not second-guess the Bankruptcy Court's own determination of whether it had been deceived, and thus Merritt's assertion of fraud necessarily fails.[2]

### III.

For the foregoing reasons, we will affirm the District Court's Order affirming the Bankruptcy Court's decisions to overrule Merritt's objections to PNC's proof of claim and to deny her motion for reconsideration.

---

[2] Because we conclude that the District Court's rejection of Merritt's arguments withstands plenary review, we need not address PNC's assertion that *res judicata* or the *Rooker-Feldman* doctrine bar Merritt's claims.